IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PHILLIP GRANDISON,
    Petitioner,

vs.                                       Case No.: 3:05cv225/RV/EMT

ESCAMBIA COUNTY CIRCUIT COURT, et al.,
    Respondents.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court on Petitioner's amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 12), as well as two motions for writs of mandamus (Docs. 8, 13).

    Petitioner, an inmate incarcerated at the Escambia County Jail, was convicted in the Escambia County Circuit Court of possession of a controlled substance and possession of narcotic equipment. On August 3, 2005, he was sentenced to 26.85 months in state custody, with jail time credit for 94 days, on the drug possession charge and a concurrent one year sentence in the county jail for the possession of narcotic equipment charge. Petitioner filed the instant habeas action on June 18, 2005 (Doc. 1).

    On July 26 and August 3, 2005, Petitioner filed petitions for writs of mandamus pursuant to "179 CJS 376," alleging that the trial court was violating his due process rights (Docs. 8, 13). He seeks this Court's intervention in rectifying the alleged violations.

    The issuance of a writ of mandamus is a drastic remedy which is required only in extraordinary circumstances. <u>Allied Chemical Corporation v. Daiflon</u>, 449 U.S. 33, 34, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980). Generally, before a writ may be issued, three elements must exist: 1) a clear right in the petitioner to the relief sought; 2) a clear duty on the part of the respondents to do the act in question; and 3) no other adequate remedy available. <u>District Lodge No. 166, International Association of Machinists and Aerospace Workers AFL-CIO v. TWA Services, Inc.</u>,

731 F.2d 711, 717 (11th Cir. 1984), *cert. denied*, 469 U.S. 1201, 105 S.Ct. 1175, 84 L.Ed.2d 324 (1985); *see also* In re Bethesda Memorial Hosp., Inc., 123 F.3d 1407, 1408-09 (11th Cir. 1997).

In the instant case, adequate state court remedies are available to Petitioner in the form of a direct appeal of his conviction and sentence, as well as post-conviction motions and petitions, including a mandamus action in the state court.  Additionally, Petitioner is obviously aware that federal habeas relief is available pursuant to 28 U.S.C. § 2254 upon Petitioner's exhausting his state court remedies, as Petitioner brings the instant motions for mandamus in the context of a section 2254 action.

Accordingly, it is respectfully **RECOMMENDED** that:

Petitioner's motions for mandamus (Docs. 8, 13) be **DENIED**.

At Pensacola, Florida this 18th  day of August 2005.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**
**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**