IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


PHILLIP GRANDISON,
    Petitioner,

vs.                                  Case No.:  3:05cv225/RV/EMT

JAMES V. CROSBY, JR.,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

       Petitioner initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1).  He filed an amended petition in July of 2005 (Doc. 12).  The court has not directed service upon Respondent, as Petitioner has yet to provide service copies of the amended petition.[1] In the meantime, Petitioner has filed several motions, specifically, a "Motion for Intervention and Judgment," "Motion Cease and Desist [sic]," and "Motion to Comply" (Docs. 29, 32, 33), which the court construes as motions for preliminary injunctions.

       Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court.  <u>Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.</u>, 112 F.3d 1125, 1126 (11th Cir. 1997) (citing <u>United States v. Lambert</u>, 695 F.2d 536, 539 (11th Cir. 1983));

---

[1] The court directed Petitioner to provide service copies on August 18 and 30, 2005 (*see* Docs. 20, 26).  On September 21, 2005, the court issued an order to show cause for Petitioner's failure to comply with the August orders (*see* Doc. 36).  The order to show cause was returned to the court undelivered, as Petitioner was transferred to another institution (*see* Doc. 38).  The court sent the order to Petitioner at his new address, and Petitioner responded by requesting additional time to provide the service copies (*see* Doc. 41).  The court granted the motion, giving Petitioner until January 20, 2006, to provide the service copies (*see* Doc. 42).  That time has elapsed, and Petitioner has failed to comply; therefore, the court is issuing another show cause order by separate order.

Johnson v. Radford, 449 F.2d 115 (5th Cir. 1971).[2] The district court must exercise its discretion in the light of whether:

1. There is a substantial likelihood that Petitioner will prevail on the merits;

2. There exists a substantial threat that Petitioner will suffer irreparable injury if the injunction is not granted;

3. The threatened injury to Petitioner outweighs the threatened harm injunction will do to Defendants; and

4. The granting of the preliminary injunction will not disturb the public interest.

CBS Broadcasting, Inc. v. Echostar Communications Corp., 265 F.3d 1193, 1200 (11th Cir. 2001); Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Johnson v. United States Department of Agriculture, 734 F.2d 774 (11th Cir. 1984); Canal Authority of State of Florida v. Callaway, 489 F.2d 567 (5th Cir. 1974). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." All Care Nursing Service v. Bethesda Memorial Hosp., 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

Further, the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994); All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, 887 F.2d 1535, 1537 (11th Cir. 1989); United States v. State of Alabama, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986), *cert. denied*, 479 U.S. 1085, 107 S.Ct. 1287, 94 L.Ed.2d 144 (1987). This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint. Devose, 42 F.3d at 471; Penn v. San Juan Hosp., 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *See* In re Infant Formula Antitrust Litigation, MDL 878 v. Abbott Laboratories, 72 F.3d 842, 842-43 (11th Cir. 1995).

---

[2] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 are binding as precedent on the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

Case No.: 3:05cv225/RV/EMT

Petitioner's "Motion for Intervention and Judgment" (Doc. 29) is a rambling narrative of the "injustices" Petitioner has suffered during his state criminal prosecution.  He begins by describing a hearing in the trial court which apparently began as a sentencing hearing and ended with the trial court adjudicating Petitioner guilty of direct criminal contempt (*id.* at 1-2).  Petitioner states his court-appointed attorney acted "at the behest" and "as a puppet" of the trial judge (*id.* at 1-3).  Petitioner then describes how his arrest was a "set-up" (*id.* at 4-5).  He concludes by describing his efforts to obtain relief in the state courts (*id.* at 7).  As relief, Petitioner seeks immediate release, monetary damages, and dismissal of all criminal charges (*id.* at 8-9, Attachment at 3A).

Upon review of Petitioner's claims and factual assertions in his amended petition, as well as his assertions in the instant motion, Petitioner has failed to show a substantial likelihood of success on the merits of his claims.  In his amended petition, Petitioner makes the following claims: (1) the trial court violated his due process rights by denying his release on bond throughout the criminal proceedings, (2) the trial court refused to allow him to present his case, (3) the police fabricated grounds to arrest him, (4) his conviction was a result of ineffective assistance of counsel and perjured testimony from State witnesses (Doc. 12 at 5-8).  Petitioner filed his original and amended petitions after his trial on May 3, 2005, but before the trial court rendered a final judgment and sentence.  Even though a final judgment and sentence has now been rendered, Petitioner's direct appeal of his conviction and sentence is still pending, according to the docket of the Florida First District Court of Appeal, Case No. 1D05-4473.  *See* http://www.1dca.org.  As Petitioner has the right under Florida law to raise the claims presented in his direct appeal and post-conviction motions in the state courts, it appears the instant action will likely be dismissed for failure to exhaust his state court remedies.  *See* 28 U.S.C. § 2254(b, c).  Accordingly, Petitioner's motion for preliminary relief should be denied.

In his "Motion Cease and Desist Order [sic]" (Doc. 32), Petitioner alleges his court-appointed attorney, John Kvartek, is attempting to thwart Petitioner's effort to file an appeal of his criminal conviction (Doc. 32 at 1).  Petitioner seeks an order directing the trial judge and Mr. Kvartek to cease from interfering with his appeal (*id.* at 3).  In support of his motion, Petitioner attached a copy of a Motion to Withdraw filed by the Escambia County Public Defender's Office, dated July 25, 2005 (Doc. 32, Ex. F), and a letter dated July 29, 2005, from Mr. Kvartek, notifying

Petitioner that he had been appointed to represent him (Doc. 32, Ex. H). Petitioner also submitted a letter from Mr. Kvartek dated August 12, 2005, advising Petitioner that the state appellate rules would not allow an appeal of his conviction and sentence to proceed until a final judgment and sentence was issued, and that had not yet occurred (*see* Doc. 31, Ex. B). In a letter to Petitioner dated September 9, 2005, Mr. Kvartek advises Petitioner that a final judgment and sentence was rendered on August 24, 2005, and that he filed a notice of appeal on Petitioner's behalf (Doc. 32, Ex. I).

The documents filed by Petitioner refute his claim that his counsel attempted to thwart his efforts to appeal his conviction and sentence. Indeed, it appears Petitioner's counsel greatly assisted Petitioner by appealing his conviction and sentence at the appropriate time. Because Petitioner has provided no factual support for his motion, the motion should be denied.

In his "Motion to Comply" (Doc. 33), Petitioner alleges unidentified guards at the Escambia County Jail subjected him to cruel and unusual punishment by "manhandling" him on August 26, 2005 (Doc. 33 at 1). Additionally, he alleges he was denied soft shoes (*id*. at 2). Petitioner seeks an order directing the guards to comply with state and federal correctional guidelines and the Constitution (*id*. at 1, 3). Petitioner's claim is unrelated to the instant habeas action and should be brought in a civil rights action under 42 U.S.C. § 1983, as it challenges the conditions of Petitioner's confinement and not the fact or duration of his confinement. *See* McKinnis v. Mosely, 693 F.2d 1054, 1057 (11th Cir. 1982); Boyce v. Ashcroft, 251 F.3d 911 (10th Cir. 2001), *vacated on other grounds*, 268 F.3d 953 (10th Cir. 2001). Even if Petitioner were to prevail in his argument that his right to be free from cruel and unusual punishment has been violated, he would not be entitled to release from detention. *See* Gomez v. United States, 899 F.2d 1124, 1126-27 (11th Cir. 1990) (relief for Eighth Amendment violation does not include release from confinement). Therefore, Petitioner's motion should be denied.

Accordingly, it is respectfully **RECOMMENDED**:

That Petitioner's "Motion for Intervention and Judgment," "Motion Cease and Desist [sic]," and "Motion to Comply" (Docs. 29, 32, 33), construed as motions for preliminary injunctive relief, be **DENIED**.

At Pensacola, Florida, this 30<u>th</u> day of January 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**